# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY DODSON,**

        Petitioner,

    v.                                                         Case No. 04-CV-1018

**WARDEN CATHERINE J. FARREY,**

        Respondent.

## DECISION AND ORDER

On October 18, 2004, Anthony Dodson ("Dodson") filed his habeas petition pursuant to 28 U.S.C. § 2254. The Court, having conducted a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, determined that Dodson had exhausted his state remedies, and, accordingly, the Court ordered the Respondent to answer the petition. In addition to the Respondent's answer, the Court also received a copy of the transcript of Dodson's plea hearing. Dodson's petition is now ready for adjudication.

I.    BACKGROUND

A judgment of conviction was entered against Dodson in Wisconsin state court on June 28, 2000. Based on his plea of guilty, Dodson was found to have violated sections 948.03(2)(B) and 941.30(2) of the Wisconsin Statutes, crimes of child abuse and second

degree reckless endangerment. Dodson's request to enter a plea of guilty came after his trial had commenced. The circumstances behind the decision to seek a plea are at the heart of Dodson's petition.

Dodson's counsel, Daniel Mitchell ("Mitchell"), was apparently unaware of photographs that the police had taken of the injuries sustained by Dodson's purported victim. Mitchell, according to Dodson, did not engage in any discovery prior to trial and was unaware of these photographs when trial started; the state had not provided the photographs either. The photographs, however, were clearly referenced in a police report in defense counsel's possession.

Dodson claims that, during opening statements, Mitchell informed the jury:

> You won't be seeing any pictures of Anthony or Miss Gatson even though cameras nowadays cost ten to fifteen bucks to conclusively say these people suffered some injuries you won't see any of that stuff.

(Habeas Pet., Supporting Facts for Ground One.)[1] It was only after Dodson's trial began, that Mitchell, during cross examination of the alleged victim, became aware of the photographs.

Mitchell and the assistant state's attorney (ASA) held a colloquy with the judge outside of the jury's presence. During that discussion, the ASA asked the judge for an opportunity to show the photographs to Mitchell. The judge, on the record commented:

> [I]t is clear to me from what you both said that the police report says right there that five (5) photographs were taken. Both of you lawyers should have

---

[1] All quotes from the trial proceedings are taken from Dodson's own recitation of those proceedings. The recitation of facts and Dodson's arguments are taken from the last two pages of the attachments to his petition. These pages are identified as "Supporting Facts for Ground One."

2

> seen that and taken greater care on that point. It is true Mr. Mitchell has not filed a discovery motion. It is not in the file . . .

(Habeas Pet., Supporting Facts for Ground One.)

Dodson argues that the failure to file a discovery motion shows counsel's inadequate performance under the first prong of the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Dodson also argues that the prosecutor either intentionally or mistakenly misinformed the Court that there were no photographs.

Mitchell, at some point, informed the Court:

> We were not able to see these (pictures) prior to trial. That may have had some impact on my client going to trial. Further, I was not able to prepare for trial with the idea there were photographs. I think my client is prejudiced by them . . . . Further, I was not able to prepare for trial with the idea there were photographs.

(Habeas Pet., Supporting Facts for Ground One.) Mitchell further explained that, had he known about the photographs, he would not have referenced them in his opening statements. Dodson claims that he would not have pleaded guilty except for Mitchell's deficient performance. In fact, Dodson claims that "[t]rial counsel advised Dodson to plead guilty in part because of his failure to obtain the photographs beforehand and having made the non-existence of the photos an issue in his opening statement. Trial counsel believed he would have no credibility with the jury after his opening, so he advised Dodson to enter a plea of guilty." (Habeas Pet., Supporting Facts for Ground One.)

3

II.   ANALYSIS

To succeed on his ineffective assistance claim, Dodson must show that his counsel's performance failed to meet an objective standard of reasonableness as determined by prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Dodson must then show that he was prejudiced by counsel's actions. In *Hill v. Lockhart*, the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. 52, 58 (1985). The *Hill* Court explained:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58. The Court provided an example, particularly salient in the instant case:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Id.* at 59.

4

Dodson does *not* claim that the photographs at issue were exculpatory. In fact, based on his trial counsel's reaction, one might reasonably infer that they were inculpatory. So, Dodson's argument clearly does not come within the framework of those situations where defense counsel fails to engage in discovery and thereby fails to uncover exculpatory information. Thus, the Court need not inquire how Dodson's trial might have concluded had his counsel discovered the pictures earlier. The thrust of Dodson's argument, though it comes in the last few lines of his petition, does not seem to rely on the nature of the pictures at all, whether exculpatory or inculpatory.

Dodson is not claiming any errors in the actual proceedings wherein he rendered his plea; his claims lie with counsel's actions that, according to Dodson, essentially forced him to enter a guilty plea. Dodson has not argued that counsel provided him with poor advice regarding the entry of his plea agreement. Nor does Dodson argue that his counsel's performance was deficient because the photographs were exculpatory and, by pleading out, Dodson deprived himself of that evidence's potential value at trial. Dodson's argument seems simply to be that counsel's lack of diligence backed him into a proverbial corner necessitating his plea and depriving him of a trial.

In sum, Dodson argues that Mitchell's ineffective performance caused him to involuntarily plead guilty because he (Dodson) knew counsel was unprepared. Such an argument is doomed to fail. The Court has read a copy of Dodson's plea sentencing transcript, filed by the Respondent on July 7, 2006. The state court inquired, and Dodson

5

confirmed, that no one had threatened or promised him anything in return for entering his plea. (Plea and Sentencing Hearing Tr. 11.) The transcript clearly shows that Dodson's entry of a plea of guilty was both voluntary and intelligent. The time for Dodson to raise his concerns regarding his counsel's lack of preparation was during his plea hearing. *See United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999).[2]

Dodson cannot satisfy the prejudice prong of *Strickland*. He certainly makes the conclusory argument that "he would not had [sic] plead [sic] guilty if it had not been for trial counsel's deficient performance." (Habeas Pet., Supporting Facts for Ground One, 2.) Yet, Dodson cannot claim prejudice because both he and his counsel were fully aware of the pictures *when he entered into the plea agreement*. Thus, he did not enter the plea based on partial knowledge; at that point, he knew what evidence could be marshaled for, and against, his defense. Even if Dodson's counsel's performance at trial fell below an objective standard of competence, Dodson entered his guilty plea intelligently and voluntarily.

---

[2]At the plea hearing, the state court reiterated its offer to give a cautionary instruction to the jury to offset any negative effects occasioned by the late appearance of the photographs:

> THE COURT: Now, yesterday in the middle of this trial there was a problem with the photograph. I've ruled that the photograph can be admissible, but I said this morning I would hear your lawyer on any further argument on that point and give him the chance to try to change my ruling this morning.
> I also said that if I continued with my ruling that I'd be willing to give a cautionary instruction to the jury to try to alleviate the problems your lawyer felt he had with his opening statement.
> Do you remember me saying that yesterday?
> THE DEFENDANT: Yes.
> THE COURT: That's still a possibility this morning. Have you considered that?
> THE DEFENDANT: Yes.

(Plea and Sentencing Hearing Tr. 9-10.) Thus, the issue of the previously undiscovered photograph was specifically addressed at Dodson's plea hearing and he waived his right to continue with the trial.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Dodson's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**.

The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of July, 2006.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**